SAMUEL BENTLEY *vs.* CHARLES WARD.

Suffolk.    November 12. — 14, 1874.    WELLS & DEVENS, JJ., absent.
            November 25. — 28, 1874.    COLT & ENDICOTT, JJ., absent.

Under the St. of 1864, *c.* 111, requiring questions of law to be entered in this court
"as soon as may be" after they are reserved by report or otherwise, an excepting
party cannot as matter of right enter his exceptions in this court six months after
they are allowed; but the court may, in its discretion, allow them to be entered,
on his petition, supported by proof that the failure to enter them seasonably was
owing to accident or mistake.

On the issue whether labor and materials were furnished on a contract with the de-
fendant or a third person, the defendant put in evidence a memorandum book of
the plaintiff, in which the charges were made from day to day to the third person.
The plaintiff was then allowed, under objection, to put in evidence his journal, and
ledger, posted from the journal, but neither of them from the memorandum book,
· in both of which the charge was to the defendant after the work was done. *Held,*
that the journal and ledger were improperly admitted in evidence.

CONTRACT.    At the trial at April term 1874 of the Superior
Court, before *Bacon*, J., the plaintiff obtained a verdict, and ex-
ceptions were alleged by the defendant and allowed by the pre-
siding judge on May 4, 1874, but were not entered in this court
until November 11, being the second day of the usual fall session
for the argument of questions of law arising in this county.    On
that day the defendant undertook to enter the exceptions and pa-
pers in this court; and the plaintiff filed a petition alleging that
the exceptions had not been prosecuted nor the papers transmit-
ted to this court "nor entered (unless to-day and without con-
sent) according to law," and praying that the exceptions might
be dismissed.

*A. R. Brown*, for the plaintiff.

*H. W. Putnam*, for the defendant.

GRAY, C. J.    By the General Statutes, exceptions were re-
quired to be entered in the Supreme Judicial Court for the Com-
monwealth within twenty days from the final adjournment of the
term at which they were taken.    Gen. Sts. *c.* 115, § 12.    If the
excepting party neglected to enter them in this court, the adverse
party might enter a complaint and have the judgment below
affirmed.    *c.* 112, § 16.    If, by mistake or accident, the excep-
tions were not duly entered, or a complaint founded on the omis-
sion to enter them had not been made by the adverse party this

court, upon petition filed within a year, and upon such terms as it deemed just and reasonable, might allow the exceptions or complaint to be entered, as the case might be. § 17.

By the St. of 1864, c. 111, § 1, exceptions are required to be transmitted to and entered in this court " as soon as may be " after the question of law is reserved and duly made matter of record in the court in which the action is pending; and by § 3, so much of the Gen. Sts. c. 115, § 12, as is inconsistent herewith is repealed.    The whole effect of this statute is to allow exceptions to be entered in this court at any time after they are allowed and filed, without waiting for the close of the term at which they are allowed ; and, by the words " as soon as may be," to substitute a reasonable time for the definite period of twenty days.

While uniformity of practice in matters of this description is very desirable, what shall be deemed a reasonable time must depend in some degree upon the circumstances of particular cases, and cannot be absolutely governed by general rules.    In *Priest* v. *Groton*, 103 Mass. 530, the statutes and decisions upon the subject were fully considered by the court; and it was held that exceptions allowed on the last day of a term of the Superior Court, and entered in this court twenty-seven days afterwards, and more than a month before the next law term, at which in the usual course they would be argued, were seasonably entered.    As to exceptions allowed nearer the beginning of a regular term, or usual session for the argument of questions of law from the county in which they arise, more prompt action might be required of the excepting party.    And we are of opinion that in any case, in which no special circumstances are shown, exceptions not entered in this court within a month after the final adjournment of the term at which they were allowed cannot be deemed to be entered " as soon as may be," as required by the statute ; and that in the case at bar in which six months have elapsed since the allowance of the exceptions, and four or five since the final adjournment of that term, the party taking the exceptions is not entitled as matter of right to enter them in this court.

Where the delay has been occasioned by mistake or accident, the excepting party must seek relief in the discretion of the court, and upon such terms as it may impose, by petition for leave to enter the exceptions, under the Gen. Sts. c. 112, § 17 ; or, if

the judgment has been affirmed on the complaint of the adverse party, then by petition for a review, under the Gen. Sts. *c.* 146, § 21. *Bowditch Ins. Co.* v. *Winslow*, 3 Gray, 415.

As the defendant's counsel appears to have acted under a misapprehension of his client's rights, and the plaintiff's petition is in an unusual form, the rights of both parties will be best secured by allowing it to stand over for a day or two. Opportunity will be thus afforded to the plaintiff, on the one hand, to enter a complaint in due form for affirmation of the judgment; and to the defendant, on the other, to file a petition for leave to enter the exceptions. Unless such a petition is filed forthwith, supported by affidavit, and showing reasonable cause for allowing the exceptions to be now entered, a complaint for affirmation of judgment will be granted as of course. *Ordered accordingly.*

Upon the petition of the defendant, and proof that the failure to enter the exceptions seasonably was owing to an excusable mistake, the exceptions were allowed to be entered; and they showed the case to be as follows :

CONTRACT upon an account annexed for labor and materials furnished the defendant in putting soil-pipes, gas-pipes and waterpipes into a block of six houses and three stores.

It was conceded on both sides that the soil-pipes were put in and completed on or before April 16, 1872 ; the gas-pipes on or before April 20, and that the rest of the plumbing work was begun soon after May 16, 1872, and completed August 20 ; also, that all the items of labor and materials alleged in the bill of particulars were actually furnished by the plaintiff, and that the prices claimed were correct.

The only question submitted to the jury was whether the plaintiff's contract to do the first-mentioned job was made with the defendant, or with William Atton, a son-in-law of the defendant.

The plaintiff put in evidence to show that in March or April, 1872, he contracted with the defendant to furnish and put in the said pipes into said block; that he gave the defendant the prices at which he would furnish and put in the soil-pipes and gas-pipes, which prices the defendant agreed to ; that the plaintiff then said he would give the defendant the prices for the water-pipes as soon

as he could make the necessary estimates ; and that subsequently, on May 16, he gave the defendant said prices, and the latter agreed to them.

The defendant put in evidence that he had never contracted for any of the said labor or materials, and that said Atton had contracted for them with the plaintiff in the same manner, at the same time and on the same terms as the plaintiff claimed that the defendant had.

The defendant offered in evidence, for the purpose of showing to whom credit had been given by the plaintiff, a memorandum book or " blotter," kept by the plaintiff, in which the latter testified that he wrote down, from day to day, the stock which went out of his shop on different jobs, and the names of the workmen who worked upon the several jobs, and the days of the month and the number of days which each man worked, and placed at the head of each page the name of the person to whom the materials and labor were furnished.   On two successive pages of this book were memoranda by the plaintiff, of the above character, under the heading, " Atton, 6 houses, 3 stores ; " and in the upper left-hand corner of the page was a memorandum of the prices per house at which the plaintiff had agreed to do the work above mentioned.   The court admitted this, and then allowed the plaintiff to put in his day-book or journal.   The plaintiff testified that he did not put down all his charges for labor and materials in this book, for the reason that it would cumber it up too much, and that all the charges which he had put down on this job were under three entries, bearing dates April 16, April 20, and August 19, 1872, and made when the different parts of the work were completed.   These charges were made to and in the name of the defendant, and the book was admitted for the purpose of rebutting and controlling the effect of the aforesaid memorandum book or blotter.   To the admission of this evidence the defendant excepted.

The plaintiff then offered, for the same purpose, his ledger, in which the charges for the labor and materials were also made to the defendant, and which the plaintiff testified that he kept in the regular and ordinary manner of keeping a ledger, by posting from the aforesaid journal or day-book.   This was admitted, and the defendant excepted.

The plaintiff testified that he did not post either the journal or ledger from the memorandum book.

The jury found for the plaintiff, and the defendant alleged exceptions.

*H. W. Putnam*, for the defendant.

*A. R. Brown*, for the plaintiff.

GRAY, C. J. The entries in the journal and ledger, not having been made contemporaneously with nor posted from the memorandum book introduced by the defendant, were independent declarations of the plaintiff in his own favor, and were incompetent evidence to prove to whom he gave credit, or to rebut or control the entries on the memorandum book, which were in the nature of admissions against him. *Keith* v. *Kibbe*, 10 Cush. 35. *Gorman* v. *Montgomery*, 1 Allen, 416. *Dexter* v. *Booth*, 2 Allen, 559. *Commonwealth* v. *Goodwin*, 14 Gray, 55.

*Exceptions sustained.*